```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VINCENT WARREN,                                             :
                                                            :
                              Petitioner,                   :
                                                            :
              -against-                                         **MEMORANDUM AND ORDER**
                                                            :
R. WOODS,                                                       05 Civ. 8438 (CM)(KNF)
                                                            :
                              Respondent.                   :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

Vincent Warren ("Warren"), proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On December 13, 2007, the petitioner made an application seeking leave to amend his petition to add the following claims, based on newly discovered evidence, that support his prayer for relief: (i) a recantation by Donnell Green ("Green"), dated July 20, 2007, which Warren contends demonstrates that his Due Process rights were violated when Green testified falsely at his trial; and (ii) an alleged failure by the prosecution to disclose that Kareem Deas ("Deas") testified falsely at the petitioner's trial, which violated <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963). The petitioner also seeks to have adjudication of his petition stayed, so that he may return to the state courts to exhaust remedies available there respecting the newly discovered evidence. The respondent did not oppose the petitioner's request.

Warren filed his petition in September 2005. On November 1, 2005, upon discovering that page five was missing from the petition, the Court directed Warren to amend his petition to

include the missing page of his original petition and all other documents that were submitted with the original petition. On November 21, 2005, Warren filed an amended petition, pursuant to the Court's November 1, 2005 order. On or about January 11, 2006, Warren filed a second amended petition, which he withdrew on January 18, 2006.

On January 23, 2006, Warren made an application seeking: (a) leave to amend his petition; and (b) a stay of the adjudication of his petition, pending the outcome of the state-court proceedings respecting his unexhausted claims. On September 16, 2006, while his January 23, 2006 application was pending, Warren filed a motion requesting leave to supplement his amended petition, pursuant to Fed. R. Civ. P. 15(d).

On August 24, 2007, the Court: (1) determined that Warren could amend his petition as of right because, at the time he sought permission to amend his petition, an answer had not been filed by the respondent; (2) denied Warren's motion to stay the habeas corpus proceedings because Warren did not demonstrate good cause for his failure to exhaust his unexhausted claims prior to making an application for the instant writ; and (3) denied Warren's application to amend his third amended petition, because the pleading, purporting to be supplemental, as required by Fed. R. Civ. P. 15(d), was actually another amended petition for which no leave to amend had been sought and granted. On November 5, 2007, the respondent filed an answer, opposing the petition.

By a letter, dated November 20, 2007, Warren requested that the Court order the respondent to provide him a copy of his trial transcripts. The Court denied the request because Warren failed to make a showing of a particular need for the transcripts. On November 22, 2007, Warren again requested that the Court order the respondent to provide him with his trial

transcripts and, additionally, sought discovery. The Court determined that Warren's request for transcripts had been addressed previously and denied his discovery request because he failed to show what specific facts the discovery would demonstrate and how those facts would entitle him to relief.

On December 7, 2007, Warren filed his reply to the respondent's opposition to his petition. On December 13, 2007, the instant application followed.

## DISCUSSION

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Leave to amend a habeas corpus petition should be freely given by a court when justice so requires. See Fed. R. Civ. P. 15(a)(2). "[U]ndue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment" are reasons upon which a court may rely in determining to deny a request to amend a [petition]. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). The decision to grant leave to amend is within the discretion of a district court. Id.

Warren contends justice requires that his request for leave to amend his petition be granted because the "newly discovered evidence" will establish that he is innocent. However, the "newly discovered evidence" is not what it purports to be. In support of his application, filed on December 13, 2007, Warren submitted a copy of Green's recantation statement, dated July 20, 2007. Warren waited almost six months to bring this "newly discovered evidence" to the attention of the Court. Moreover, he admits that: (i) he does not possess the original recantation

signed by Green; and (ii) it is unlikely he can obtain one. According to Warren:

> The only reason why I [] did not submit a motion to the lower court yet is because I do [not] have money for a priv[ate] investigator and the date on the affidavit is [] July which means it was taken 5 months ago. I think I would need a more recent one and also, I do not have the original copy because [Green] held on to the original. I [am] also afraid to write him back because I believe there is [an] order from the lower-court saying I [cannot] write to him.

Similarly, Warren failed to demonstrate that his claim of prosecutorial misconduct related to Deas' perjury is based on "newly discovered" evidence. According to Warren, he obtained that evidence through a Freedom of Information Act ("FOIA") request. However, Warren made no showing of why he failed to exercise due diligence in procuring that evidence through FOIA earlier.

Warren failed to advance any reason for the undue delay in adding his proposed claims earlier. The Court finds that the petitioner's claims, alleged in the proposed amendment to his petition, are not based on "newly discovered evidence." Furthermore, the Court finds that granting the petitioner's amendment request would: (a) cause undue delay; and (b) unduly prejudice the respondent. Thus, the petitioner's application, for leave to amend his petition, is denied. Consequently, the petitioner's request that adjudication of his petition be stayed, while he pursues state-court action on his two claims, is also denied.

Dated: New York, New York
January 28, 2008

Copies mailed to:

Vincent Warren
Lawrence H. Cunningham, Esq.

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

4