UNITED STATES FOR THE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VINCENT WARREN,                                          :

              Petitioner,                            :          **MEMORANDUM and ORDER**

      -against-                                          :          05 Civ. 8438 (CM)(KNF)

DAVID NAPOLI,                                              :

             Respondent.                          :
-------------------------------------------------------------- x
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. INTRODUCTION

Vincent Warren ("Warren"), proceeding pro se, has made an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for murder in the second degree, following a jury trial in New York State Supreme Court, Bronx County. Before the Court is Warren's motion for limited discovery, through which he seeks the following information respecting two witnesses who testified against him at trial: (1) a copy of Sholey Juah's ("Juah") sentencing minutes, dated August 31, 1999, for her Staten Island criminal convictions; (2) an "F.B.I. rap sheet," "N.Y.S. rap sheet," and "Minnesota criminal history" for Juah; (3) an unredacted copy of a December 22, 2000 letter, from Assistant District Attorney ("ADA") Tina Petrillo ("Petrillo"), Office of the District Attorney, Bronx County, which Warren believes was sent to Juah, alerting her that she failed to make a court appearance; (4) the 1999-2000 "inmate movement history" of Kareem Deas ("Deas"), during which time Deas resided in a jail facility on Rikers Island; and (5) a "print out" of Deas' 1999-2000 court appearances. In addition, the petitioner provides proposed interrogatories and "admissions" for ADA "Caracta," ADA Petrillo,

and a "Correction Officer at O.B.C.C. S.H.U." Warren contends the information he seeks will enable him to demonstrate that: (a) Juah was given a "benefit" for testifying against Warren, to wit, leniency at sentencing for her Staten Island convictions; (b) Juah's criminal history was more extensive than that to which Juah testified at Warren's trial; and (c) Deas' testimony, that Warren made incriminating statements to him while they were housed in a "holding pen," would be discredited.

The respondent opposes the petitioner's motion and contend: (1) the petitioner had a "printout from the Hennepin County[, Minnesota] criminal database indicating that Ms. Juah pleaded guilty to a theft offense in Minnesota," Juah's New York State criminal history was attached to the prosecution's response to the petitioner's third New York Criminal Procedure Law ("CPL") § 440.10 motion, and the petitioner's intimations, that Juah may have other Minnesota or federal convictions, are merely "'generalized statements about the possible existence of material,'" (quoting Green v. Artuz, 990 F. Supp. 267, 271 [S.D.N.Y. 1998]); (2) the petitioner has not established good cause for requesting the sentencing minutes for Juah's two Staten Island convictions, since his assertion that Juah received a "benefit" for testifying against the petitioner was raised in the petitioner's first three CPL § 440.10 motions, and was denied by the state court each time; (3) nothing indicates the December 22, 2000 letter was addressed to Juah, since no basis exists upon which to believe the letter's statement–that its recipient missed a court appearance–relates to Juah, as Juah was sentenced for her Staten Island convictions and satisfied the judgment imposed by paying a fine, in full, on August 31, 1999; and (4) the materials requested pertaining to Kareem Deas are in the possession and control of the New York State Department of Correctional Services and the petitioner's request should be denied because

it is directed to the wrong party.  The respondent does not address the petitioner's proposed interrogatories or requests to admit.

## II. BACKGROUND[1]

After his arrest and indictment, Warren was tried by jury, and found guilty for second degree murder, in connection with the December 31, 1998 shooting of Bruce Phillips ("Phillips").  Warren was sentenced to an indeterminate term of imprisonment of twenty-five years to life.  On direct appeal, Warren's counsel raised the following claims: (1) the introduction of evidence, at trial, of Warren's prior bad acts and uncharged crimes, was improper; and (2) the sentence imposed was harsh and excessive.  Warren filed a supplemental pro se brief, asserting: (i) evidence of non-testifying witnesses' beliefs that Warren shot Phillips was "inferred" to the jury improperly; (ii) his right to be present at all critical stages of his trial was violated, when the trial judge responded, outside the presence of defense counsel and Warren, to a note from the jury, presented during jury deliberations; (iii) the trial court "marshaled" evidence improperly, to bolster a testifying detective's credibility; and (iv) his trial counsel did not provide effective assistance to him, based upon counsel's failure to:
(a) "request a flight charge," (b) interview a material witness, who claimed to be the grandmother of a victim of another crime; (c) prepare sufficiently for trial; and (d) present unidentified favorable evidence.  In December 2003, the New York State Supreme Court, Appellate Division, First Department, denied Warren's appeal.  See People v. Warren, 2 A.D.3d 186, 768 N.Y.S.2d

---

[1] The petitioner filed five CPL § 440.10 motions, an application for a writ of error coram nobis, and a motion to reargue his second CPL § 440.10 motion.  The Background Section discusses only the state-court appeals and post-conviction motions relevant to the disposition of the instant motion for limited discovery, made in connection with Warren's third amended habeas corpus petition.

465 (App. Div. 1st Dep't 2003). The petitioner applied for leave to appeal to the New York Court of Appeals. On March 1, 2004, that application was denied. See People v. Warren, 2 N.Y.3d 747, 778 N.Y.S.2d 472 (2004).

While his leave application was pending before the New York Court of Appeals, Warren submitted his first CPL § 440.10 motion. Through that motion, he raised the following claims: (1) the prosecution failed to disclose Brady[2] material, specifically, Juah's complete criminal history, and information on "a deal" struck between Juah and prosecutors by which Juah would testify against Warren in exchange for leniency in Juah's sentencing on her Staten Island convictions; and (2) his trial counsel rendered ineffective assistance to him. In February 2007, the New York State Supreme Court, Bronx County, denied Warren's CPL § 440.10 motion, finding: (a) "all issues raised herein could or should have been raised on appeal," and (b) "unsubstantiated allegations are an insufficient basis herein to predicate consideration of further relief." Warren moved for leave to appeal from the denial of his CPL § 440.10 motion; the Appellate Division, First Department, denied the application.

Pending in this court is Warren's third amended petition for a writ of habeas corpus. In it, Warren raises, inter alia, the following claims: (1) the prosecutor engaged in misconduct, by (a) allowing Juah to testify falsely regarding her criminal history, and (b) allowing Deas to testify falsely that he was in a holding pen with Warren, at which time Warren admitted to killing Phillips; and (2) his appellate counsel provided ineffective assistance to him, by failing to assist the petitioner in investigating his belief that Juah perjured herself at trial regarding the full extent

---

[2] See Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

of her criminal history, and by failing to raise a claim relating to the trial court's "interfere[nce] in the impeachment of Sholey Juah" at trial.

### III. DISCUSSION

A habeas corpus petitioner is not entitled to discovery as a matter of course. See Drake v. Portuondo, 321 F.3d 338, 346 (2d Cir. 2003) (citing Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97 [1997]).  However, under Rule 6 of the Rules Governing 28 U.S.C. § 2254 cases, in the United States District Courts, a judge may, "for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure."  To show good cause, a petitioner must "set forth specific allegations that provide reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[]."  Defino v. Thomas, No. 02 Civ. 7413, 2003 WL 40502, at *4, 2003 U.S. Dist. LEXIS 24, at *13-14 (S.D.N.Y. Jan. 2, 2003) (quoting Gonzalez v. Bennett, No. 00 CIV. 8401, 2001 WL 1537553, at *4, 2001 U.S. Dist LEXIS 19798, at *11 [S.D.N.Y. Nov. 30, 2001]) (internal quotation marks omitted).

Based upon a review of the submissions made by the parties, the Court finds that the petitioner has failed to make specific allegations showing that he might be entitled to habeas corpus relief, if the facts were developed more fully through discovery.  To the extent the petitioner seeks evidence to demonstrate that Juah had a motive to testify as a prosecution witness, and that she testified against the petitioner in order to receive beneficial treatment at the time of sentencing for her Staten Island convictions, these matters were raised in the petitioner's first CPL § 440.10 motion, and the New York State Supreme Court, Bronx County, denied this motion, finding that these issues "could or should have been raised on appeal."  Pursuant to CPL

§ 440.10(2)(b)-(c), a state court "must deny a [CPL § 440.10] motion to vacate judgment" when sufficient facts existed on the record for a claim to have been raised on direct appeal.

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state-law ground that is independent of the federal question and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). "The procedural default which results from the denial of a motion to vacate for failure to raise a claim on direct appeal 'represents the application of a "firmly established and regularly followed" New York rule.'" Jones v. Phillips, No. 03-CV-2115, 2008 WL 4146197, at *5, 2008 U.S. Dist. LEXIS 77798, at *14-15 (E.D.N.Y. Sept. 8, 2008) (citations omitted). A habeas petitioner may bypass the independent and adequate state-law ground by showing cause for the procedural default and prejudice attributable thereto or by demonstrating that a fundamental miscarriage of justice will attend if the claim is not reviewed by the habeas corpus court. See Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). The petitioner has not shown cause and prejudice for the default, nor has he demonstrated that a fundamental miscarriage of justice will result, if his claim is not reviewed. Therefore, it appears that Warren's claims relating to Juah are procedurally barred. Consequently, granting the petitioner's motion for limited discovery, to enable him to obtain information about Juah, would be neither reasonable nor appropriate.

Fed. R. Civ. P. 34(a)(1)(A) provides that: "[a] party may serve on any other party a request . . . to produce and permit the requesting party . . . to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: . . . any designated documents. . . ." Based upon the respondent's representation, that documents relating either to

6

Deas' inmate movement history or his 1999 court appearances are not in the respondent's "possession, custody, or control," the Court finds that the respondent is not required to provide Warren with the information he seeks relating to Deas. Therefore, no basis exists for granting the petitioner's request for an order directing the respondent to provide him the sought-after documents.

Rule 11 of the Rules Governing 28 U.S.C. § 2254 cases in the United States District Courts provides: "[t]he Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Fed. R. Civ. P. 33(a) states: "a party may serve on any other party no more than 25 written interrogatories. . . ." Fed. R. Civ. P. 36(a) provides: "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1). . . ." Based upon the express language of these Rules, the petitioner's request, for permission to serve interrogatories and requests to admit on persons who are not parties to this action, is denied. See Alcon Laboratories, Inc. v. Pharmacia Corp., 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002) (finding that an individual was "not subject to interrogatories under the Federal Rules since he is not a party to this action"); Thomas v. Scully, No. 87 CV 1592, 1989 WL 2708, at *1, 1989 U.S. Dist. LEXIS 160, at *1-2 (S.D.N.Y. Jan 11, 1989) (declaring "the Court will not require defendant to obtain an admission from a non-party").

## IV. CONCLUSION

For the reasons set forth above, the petitioner's motion for limited discovery, Docket Entry No. 55, is denied.

Dated: New York, New York  
      June 9, 2009

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Vincent Warren  
Rafael A. Curbelo, Esq.